# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| CONNIE BARBER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-CV-60 |
| | § | |
| DOLGENCORP OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL CLAIM FILE, PERSONNEL FILE, BONUS/INCENTIVE PLAN, AND TRAINING DOCUMENTS

The following are pending before the court:

1. Plaintiff's motion to compel claim file, personnel file, bonus/incentive plan, and training documents (docket entry #13); and

2. Defendant's response to Plaintiff's motion to compel claim file, personnel file, and bonus/incentive plan (docket entry #14).

Having considered the Plaintiff's motion and the responsive briefing thereto, the court finds that the motion should be granted in part.

## I. BACKGROUND

According to the Plaintiff's first amended original complaint, the Plaintiff worked for Dollar General for an extended period of time. On November 2, 2007, while working on the job, the Plaintiff was robbed at gunpoint. The Plaintiff alleged that she suffered mental trauma injuries resulting from the incident. The Plaintiff subsequently filed for workers' compensation benefits which the Defendant denied. Thereafter, the Plaintiff retained counsel to assist her in securing her workers' compensation benefits. On April 25, 2008, the State of Texas Workers' Compensation

Commission ordered the Defendant to pay the Plaintiff her workers' compensation benefits. According to the Plaintiff, because the Defendant delayed in paying the Plaintiff her workers' compensation benefits, the Plaintiff suffered worry and distress as well as economic and physical damages. As such, the Plaintiff brought this suit against the Defendant for (1) violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act, and (2) breach of the duty of good faith and fair dealing. The Plaintiff is seeking actual and punitive damages. In her motion to compel, the Plaintiff is asking the court to order the Defendant to produce the adjuster's claim file, the adjuster's personnel file, the Defendant's bonus/incentive or evaluation plan for adjusters, and the Defendant's claim denial rates.

## II. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED R. CIV. P. 26(b)(1). The definition of "relevant information" in Rule 26(b)(1) is broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III. DISCUSSION AND ANALYSIS

### A.     Claim File

The Plaintiff seeks production of the adjuster's claim diary notes and other claim file materials that were created during the processing of the Plaintiff's claim. The Plaintiff contends that

such documents were prepared during the routine handling and investigation of the Plaintiff's claim. In response to the Plaintiff's request for production, the Defendant asserted the attorney-client and work product privileges. The Defendant states that it produced all non-privileged documents from the claim file. However, the Defendant contends that the privileged documents which were not produced were prepared in anticipation of the instant bad faith lawsuit. According to the Defendant, such documents were generated after the Defendant received notice from the Plaintiff's workers' compensation counsel that the Defendant had processed the Plaintiff's workers' compensation claim in bad faith. The Defendant submitted the documents in question to the court for an *in camera* inspection.

The court has reviewed the documents from the claim file for which the Defendant has claimed privilege. The court finds that, indeed, the documents at issue were prepared after the Defendant received notice of the Plaintiff's claim of bad faith. Further, the documents in question are communications between the client and the attorney concerning legal services. As such, the court finds that the Defendant appropriately asserted its attorney-client and work product privileges. *See* FED. R. CIV. P. 26(b)(3)(A) & FED. R. CIV. P. 26(b)(5)(A); *Service Lloyds Ins. Co. v. Clark*, 714 S.W.2d 437 (Tex. App. – Austin 1986, no writ).[1] The Plaintiff's motion to compel the adjuster's privileged claim diary notes and other privileged claim file materials is denied.

---

[1] The Plaintiff asserted that any claim of privilege is vitiated by the crime-fraud exception. "The exception applies only when (1) a prima facie case is made of contemplated fraud, and (2) there is a relationship between the document at issue and the prima facie proof offered. A prima facie showing is sufficient if it sets forth evidence that, if believed by a trier of fact, would establish the elements of a fraud or crime that 'was ongoing or about to be committed when the document was prepared.'" *In re General Agents Ins. Co. of America, Inc.*, 224 S.W.3d 806, 819 (Tex. App. – Houston [14th Dist.] 2007, no pet.) (internal citations omitted). The Plaintiff suggests that the adjuster defrauded the State of Texas and the Plaintiff by forcing the Plaintiff's claim through the dispute resolution process when the adjuster insisted that she never actually denied the claim. Having reviewed the documents in question, the court finds that the crime-fraud exception is inapplicable herein.

B.     **The Adjuster's Personnel File**

The Plaintiff seeks production of the adjuster's personnel file. The adjuster is not a party to this lawsuit. The Defendant objected to the Plaintiff's request, noting that the request inquired into matters which were neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant to the Plaintiff's claims. The Defendant states that it has already sworn that only 3% of workers' compensation claims were denied in the State of Texas. Further, the Defendant argues that production of the adjuster's personnel file would violate the adjuster's right to privacy.

The Plaintiff, however, contends that the adjuster's personnel file is relevant to determine the existence of bad faith actions by the Defendant in its adjusting process. "To obtain protection, the party resisting discovery must show 'a particular, articulated and demonstrable injury, as opposed to conclusory allegations.'" *Kessell v. Bridewell*, 872 S.W.2d 837, 841-42 (Tex. App. – Waco 1994, no writ) (citation omitted). "Although information contained in employment records might, under some circumstances, be included within the protected zone of privacy," the Defendant herein has failed to articulate any injury. *See id*. at 842. Rather, the Defendant merely announced in a conclusory fashion that production of the adjuster's personnel file would violate the adjuster's right to privacy. Since the Defendant failed to establish a privacy-rights reason to withhold the adjuster's personnel file, the court finds that portions of the adjuster's personnel file might assist the Plaintiff in discovering other evidence in the Defendant's possession that would be admissible in support of her claims of bad faith. *See id*. Accordingly, the court finds that the Plaintiff's motion to compel the production of the adjuster's personnel file is granted in part. The Defendant shall produce the adjuster's performance evaluations and any complaints about the adjuster in her capacity as an adjuster to the Plaintiff within ten (10) days of the entry of this order.

### C. Defendant's Bonus/Incentive or Evaluation Plan and Defendant's Claim Denial Rates

The Plaintiff seeks the production of information regarding the Defendant's bonus/incentive or evaluation plan[2] of its adjusters. The Plaintiff further seeks the production of the Defendant's claim denial rates.[3] The Plaintiff contends, without the benefit of legal authority, that the above-referenced discovery requests would lead to the discovery of admissible evidence in support of her bad faith claims. The Defendant argues that the requests are nothing more than fishing expeditions. The court agrees. Without more, the Plaintiff's requests for production must fail.

### IV. CONCLUSION

Based on the foregoing, the Plaintiff's motion to compel claim file, personnel file, bonus/incentive plan, and training documents (docket entry #13) is hereby **GRANTED IN PART**.

IT IS SO ORDERED.

**SIGNED this the 30th day of March, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[2] As noted above, the court has already ordered the production of the adjuster's performance evaluations.

[3] The Defendant has already provided its claim denial rates to the Plaintiff under oath.